Cao v. Holder

BIA
Vomacka, IJ
A089 200 541

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

PRESENT:
        JON O. NEWMAN,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
            *Circuit Judges.*

_____

DAOLIANG CAO,
        *Petitioner,*

        v.                                          13-2103
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         David J. Rodkin, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Douglas E. Ginsburg,
                        Assistant Director; Katherine A.
                        Smith, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Daoliang Cao, a native and citizen of China, seeks review of an April 29, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") August 19, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daoliang Cao*, No. A089 200 541 (B.I.A. Apr. 29, 2013), *aff'g* No. A089 200 541 (Immig. Ct. N.Y. City Aug. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Cao's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other

record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

Because Cao did not argue before the BIA that the IJ erred in his findings regarding Cao's passport, omissions in his asylum application, and issues pertaining to his food cart license, and the government has raised this failure to exhaust in its brief to this Court, we decline to consider these issues. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, these findings stand as valid bases for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Nor did the agency err in considering Cao's admission that he had lied to a U.S. Consulate official to secure a visa. Cao admitted that he provided documentation about a fake business and that he lied when he informed the official that he was going to the U.S. for business. The agency's consideration of these falsities in making an adverse credibility determination was proper. We have "'frequently

3

. . . held [that] an IJ's application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything] may at times be appropriate.'" *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (quoting *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 123 (2d Cir. 2006)). While the *falsus in uno* maxim is inapplicable when an asylee admits to using a "fraudulent document to escape immediate danger or imminent persecution," *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006), Cao was not in immediate danger at the time he made the false statements. From 2006 until he fled China in 2008, Cao did not experience any incidents with government officials, nor did he claim that he faced imminent danger of persecution at the time he made the false statements. Therefore, contrary to his contention in his brief, Cao does not fall under the exception to the *falsus in uno* maxim discussed in *Rui Ying Lin*.

In addition, the record supports the agency's finding that Cao's testimony that he was laid off in September 2005 conflicted with a "lay off certificate" in the record dated January 2008. When asked to explain this inconsistency, Cao responded that the certificate bore an incorrect date. The

4

agency was not compelled to credit this explanation, as there was a three-year gap between these two dates, and not only was the year incorrect, but there is also a discrepancy as to what month Cao was laid off. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given this lack of credibility, the agency properly considered the absence of corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The agency did not err in according diminished weight to Cao's wife's letter. *See In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Additionally, as the agency found, Cao did not provide a statement from his uncle, who harbored Cao's wife while she hid from family planning officials during her second pregnancy, or any medical documentation confirming that his wife had an abortion. Contrary to Cao's argument in his brief, evidence of his wife's abortion is relevant, as his application was based on a claim that he was laid off from work because he had violated the family planning policy. In any event, the agency is permitted to consider the lack of such corroborating evidence where

credibility is already at issue.  See *Xiao Ji Chen*, 471 F.3d at 341.

The false information Cao admittedly provided to a U.S. Consulate official, the inconsistencies in the record, and the lack of corroboration, all call into question Cao's assertions that he was laid off because of his violation of the family planning policy and became a protest organizer. Thus, the "totality of the circumstances" supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  As all of Cao's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk